**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0621n.06

**No. 09-4169**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Sep 21, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| MJR INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Southern |
| AMERICAN ARBITRATION ASSOCIATION, INC., | ) | District of Ohio |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VICTORIA'S COLLECTION, INC., aka Victoria's | ) | |
| Collection Co., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:     BOGGS and CLAY, Circuit Judges, and WISEMAN,[*] District Judge.

PER CURIAM.  This appeal arises from a dispute regarding the binding effect and scope of an arbitration clause in a commercial agreement.  Appellee Victoria's Collection entered into a written agreement (the Agreement) with Oxford Investment Group (Oxford) to purchase certain goods.  The Agreement included an arbitration clause that required the parties to arbitrate any controversies related to the Agreement.  Later, Oxford allegedly breached the Agreement, leading Victoria's Collection to initiate arbitration proceedings.  Victoria's Collection sought to join

---

[*]The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

appellant MJR International, Inc. (MJR) to the arbitration proceedings on the theory that MJR was

Oxford's principal and that Oxford had signed the Agreement on MJR's behalf. The arbitrator

granted Victoria's Collection's request. When MJR received notice that the arbitrator had made

MJR a party to the arbitration proceedings, it filed the present action in Ohio state court seeking

declaratory and injunctive relief. Invoking diversity jurisdiction, Victoria's Collection removed the

case to the United States District Court for the Southern District of Ohio.

In the district court, MJR asserted that the Agreement did not bind MJR to arbitrate, offering

two bases for this contention. First, MJR argued that it could not be bound by the Agreement

because Oxford was not acting as MJR's agent when it entered the Agreement. In support of this

argument, MJR contended that the district court could look only to the language of the Agreement

itself to determine the relationship between Oxford and MJR because the Agreement was complete

on its face and contained an integration clause. Second, MJR argued that the Agreement contained

a forum-selection clause that contradicted the arbitration clause, and that the resulting ambiguity thus

precluded a finding that arbitration was the exclusive remedy under the Agreement.

The district court held a one-day bench trial to determine the facts surrounding MJR's claims.

After trial, the district court issued a final decision declaring that "MJR is bound to the terms of the

. . . Agreement and must arbitrate". *See MJR Int'l, Inc. v. Am. Arbitration Ass'n*, No. 06-CV-0937,

2009 WL 2824102, at *10 (S.D. Ohio Aug. 26, 2009). The court rejected MJR's contention that the

integration clause in the Agreement precluded the court from relying on extrinsic evidence to

determine the relationship between MJR and Oxford. *See id.* at *7 n.6. Relying on the evidence

presented at trial, the district court then found that MJR had entered into an agreement with Oxford

that created an agency relationship between the two companies. *See id.* at \*5-\*6. That agreement had imbued Oxford with actual authority to enter into the Agreement on MJR's behalf. *See ibid.* The court also found that MJR had engaged in communications with Victoria's Collection that reasonably led Victoria's Collection to believe that Oxford was acting as MJR's agent, and that Victoria's Collection had relied on those communications when it entered the Agreement. *See id.* at \*6-\*8. As a result, the district court concluded that Oxford had actual and apparent authority when it entered into the Agreement, and MJR was bound by the Agreement. *See id.* at \*10. The court also concluded that the Agreement clearly required arbitration of the relevant dispute, rejecting MJR's contention that the Agreement's forum-selection clause contradicted its arbitration clause. *See id.* at \*8-\*10. Finally, the court held that the Agreement required MJR, the losing litigant, to pay Victoria's Collection's attorneys' fees. *See id.* at \*10.

MJR filed a timely appeal. On appeal, MJR reiterates the arguments that it presented to the district court. We review the district court's conclusions of law and decision to compel arbitration *de novo*, but we review its factual findings for clear error only. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450 (6th Cir. 2005). While federal law generally favors a broad reading of arbitration clauses in commercial agreements, *see id.* at 451, state law contract and agency principles determine whether nonsignatories are bound by an arbitration agreement. *See Javitch v. First Union Secs., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003); *Moran v. Svete*, 366 F.App'x 624, 627 n.4 (6th Cir. 2010). At oral argument, the parties agreed that New York law governs the Agreement and the relationships at issue in this case.

No. 09-4169
MJR Int'l, Inc. v. Am. Arbitration Ass'n

After a full review of the record and the relevant law, we conclude that the district court's

decision was thorough, well-reasoned, and consistent with both federal and New York law, and that

repetition of the district court's determinations would add nothing to the litigation. We therefore

AFFIRM the judgment of the district court on the basis of Judge Marbley's opinion.